NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SAMANTHA D., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, K.A., R.D., *Appellees*.

No. 1 CA-JV 18-0503
FILED 9-24-2019

Appeal from the Superior Court in Maricopa County
No. JD 530618
The Honorable David K. Udall, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll Esq., Scottsdale
By Denise L. Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellee, DCS*

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

C A M P B E L L, Judge:

¶1        Samantha D. ("Mother") appeals the termination of her parental rights to her children—Kellyn born in 2009 and Ronin born in 2015.[1] Mother argues that insufficient evidence supports termination on the nine-month time-in-care and substance abuse grounds, and that termination was not in the children's best interests. Because reasonable evidence supports the superior court's findings, we affirm.

**BACKGROUND**

¶2        In January 2017, Mother was homeless. She dropped off her two children at the Child Crisis Center (the "Center") in Mesa. When she returned to pick her children up three days later, she was turned away because she arrived in the middle of the night and appeared incoherent. While waiting, Mother eventually fell asleep. Staff attempted to rouse Mother, but she was unresponsive for the first 10 minutes and combative when she finally woke, causing a Center staff member to call the police. Police arrived and arrested Mother on an outstanding warrant for shoplifting. Mother did not want her children placed with family and was unwilling to provide information about their fathers, so the Department of Child Safety ("DCS") took temporary custody of the children.

¶3        Mother was eventually released from jail, and, in March 2017, DCS referred Mother for drug testing and to TERROS for substance abuse treatment. She tested positive for methamphetamine twice the following month. Mother's participation with substance abuse treatment was inconsistent, and the provider closed her case due to lack of contact in June of 2017. Later that month, DCS again referred her for substance abuse treatment, and her case was again closed for lack of contact in September

---

[1]        The children's fathers' parental rights were also terminated, but the fathers are not party to this appeal.

2017. During that time, the court found the children dependent as to Mother.

¶4 Eleven months after her children were taken into care, Mother submitted to a psychological evaluation. A DCS-referred psychologist diagnosed Mother with severe Alcohol Use Disorder, PTSD, child neglect, and homelessness. Mother reported nightmares and intrusive thoughts about traumatic events in her past. She also reported bouts of depression, sometimes lasting for weeks at a time, causing her to sleep more, have a change in appetite, and "space out a lot." She admitted that her attempts to quit drinking were unsuccessful and that she drank more than she intended. She also admitted that she became violent when intoxicated. The psychologist concluded that Mother's untreated trauma was likely the "driving force" behind her substance abuse and that "[i]f she does not develop sobriety and a healthy way to manage her PTSD symptoms, she will not be able to healthily parent her children and keep them safe." The psychologist recommended Mother participate in a psychiatric evaluation and counseling, and DCS submitted referrals for both. Mother was closed out of counseling services twice for her failure to attend appointments. Mother also failed to schedule an appointment for a psychiatric evaluation.

¶5 After a third substance abuse treatment referral in November 2017, Mother tested positive for opiates and twice tested positive for alcohol. For the third time, Mother's case was closed because for failure to maintain contact. A fourth referral followed in February 2018, but Mother declined to engage in services, claiming that she would self-refer to another treatment provider. Mother completed an initial assessment with Native American Connections, disclosing alcohol use in February 2018, but did not qualify for services there.

¶6 A final referral to substance abuse treatment occurred in August 2018. While Mother participated in substance abuse treatment, she was not consistent in her attendance. She blamed others and did not take responsibility for her situation. In September 2018, Mother disclosed that she relapsed on alcohol and pills. In September and October 2018, Mother missed four urinalysis tests and submitted diluted samples for three other tests.

¶7 In February 2018, the superior court granted DCS's request for a change of case plan to severance and adoption. Shortly thereafter, DCS filed a severance petition alleging chronic abuse of dangerous drugs, controlled substances and/or alcohol; and that the children had been in an out-of-home placement for a cumulative total period of nine months or

longer. *See* A.R.S. § 8-533(B)(3), (8)(a). A contested severance trial was held, and, in November 2018 and the court terminated Mother's parental rights, finding the statutory grounds of substance abuse and nine-month time-in-care and that termination was in the children's best interests.

## DISCUSSION

**¶8**          To terminate parental rights under A.R.S. § 8-533(B), the superior court must find (1) by clear and convincing evidence that a statutory ground for termination exists and (2) by a preponderance of the evidence that termination is in the child's best interests. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018). In making these determinations, the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). We will reverse only if no reasonable evidence supports the court's factual findings. *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 16 (App. 2016). Because we may affirm on the basis of any single statutory ground and have determined that reasonable evidence supports the court's findings related to Mother's substance abuse, we decline to address Mother's challenge of the nine-month severance ground. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000).

## I.      Termination Ground

**¶9**          Section 8-533(B)(3) provides for termination of parental rights when "the parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." Chronic substance abuse need not be constant, only long-lasting. *Jennifer S.*, 240 Ariz. at 287, ¶ 17. The court may consider "the length and frequency of Mother's substance abuse, the types of substances abused, behaviors associated with the substance abuse, prior efforts to maintain sobriety, and prior relapses." *Id.* at 287, ¶ 20. A parent's "temporary abstinence from drugs and alcohol does not outweigh [a] significant history of abuse or [the] consistent inability to abstain during [the] case." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010).

**¶10**          Mother argues that the superior court erred in finding that her substance abuse would continue for a prolonged, indeterminate period. We disagree. Reasonable evidence supports the court's finding. Mother's psychological evaluation led a DCS psychologist to diagnose her with

Alcohol Use Disorder. Mother's participation in drug testing was inconsistent—three of the five substance abuse treatment referrals were closed due to lack of contact. Mother's participation in drug testing was sporadic, and many of the tests she did submit to confirmed she used methamphetamine, opiates, and alcohol. *See Jennifer S.*, 240 Ariz. at 287–88, ¶¶ 21, 25 (App. 2016) (noting a parent's positive tests and refusal to submit to drug testing in support of conclusion of continuing chronic substance abuse). Finally, Mother admitted she relapsed in September 2018, just two months before the termination hearing. With this evidence, the court could reasonably determine that Mother's substance abuse was chronic and would continue for an indeterminate period. Accordingly, the court did not err.

## II.     Best Interests

**¶11**         Mother also argues that insufficient evidence supports the superior court's finding that termination was in the children's best interests. A determination that termination of parental rights is in a child's best interests must include a finding either that the child will benefit from termination or that the child will be harmed by the continuation of the relationship. *Raymond F.*, 224 Ariz. at 379, ¶ 30. Courts "must consider the totality of the circumstances existing at the time of the severance determination, including the child's adoptability and the parent's rehabilitation." *Alma S.*, 245 Ariz. at 148, ¶ 1. Relevant factors in this determination include whether the current placement is meeting the child's needs, an adoption plan is in place, and the child is adoptable. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3–4, ¶ 12 (2016).

**¶12**         At the time of the termination hearing, the children were together in an adoptive placement. A DCS case worker testified that the placement was meeting the children's physical, social, educational, medical, and psychological needs, and that termination would help the children establish a sense of belonging and stability. The case worker further testified that she did not believe Mother would be able to meet the children's needs at the time of the hearing or in the near future. Accordingly, reasonable evidence supports the superior court's finding that termination was in the children's best interests.

## CONCLUSION

¶13       For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA